UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.       :     Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                      :
---------------------------------------------------- x
---------------------------------------------------- x
THIS DOCUMENT RELATES TO           :
ALL ACTIONS                                       :
---------------------------------------------------- x


**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL DEFENDANTS TO PRODUCE ELECTRONIC DISCOVERY**


**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

*Lead Counsel for Lead Plaintiff and the Class*

Lead Plaintiff Steelworkers Pension Trust ("Plaintiff") respectfully submits this memorandum of law in support of its motion to compel Defendants to produce to Plaintiff all non-privileged documents which are stored electronically on backup tapes and which are responsive to Plaintiff's requests for production of documents. Although Plaintiff's requests for production asked Defendants to produce all documents responsive to the requests, including "electronic or computerized data compilations," Defendants recently informed Plaintiff, on February 2, 2007, that Defendants did not restore backup tapes when responding to Plaintiff's requests and indicated that they are not willing to do so now. Through this motion to compel, Plaintiff only seeks a limited restoration of backup tapes to retrieve documents concerning the Individual Defendants as well as Gary Reifert, Scott Glassman, Larry Karp and Frances Scally.

Plaintiff learned that Defendants had not searched backup tapes for responsive documents as a result of production by a non-party of highly relevant and incriminating email communications with an Individual Defendant which had not been previously produced by Defendants. Specifically, on December 13, 2006, non-party Herman Birnbaum produced to Plaintiff, in response to Plaintiff's subpoena, highly relevant email communications between Mr. Birnbaum and Defendant John F. Rein, Jr. These email communications had never been produced by Defendants nor had Defendants asserted any privilege over these communications. Plaintiff received virtually no email communications of any sort sent to Individual Defendants John F. Rein, Jr. or Edward H. Braun, nor any other form of communication to or from these persons. As a result, Plaintiff informed Defendants, by letter, that Mr. Birnbaum's production caused Plaintiff to believe that there was a deficiency in Defendants' document production and asked Defendants to provide Plaintiff with a complete description of Defendants' search for

1

emails. Defendants did not respond to this request until February 2, 2007, and only did so after Plaintiff again asked Defendants for this information and threatened to seek assistance from the Court.[1]

Defendants' late admission that they did not restore their backup tapes when responding to Plaintiffs' requests is striking because Defendants were fully aware that Plaintiff had requested all documents, in any electronic form, including documents residing on backup tapes. *See Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 316-17 (S.D.N.Y. 2003)(the court determined that Fed. R. Civ. P. 34 applies to electronic data compilations, that electronic documents are no less subject to disclosure than paper records, and that "[t]his is true not only of electronic documents that are currently in use, but also of documents that may have been deleted and now reside only on backup disks"). In addition, the recent amendment to Fed. R. Civ. P. 26(b)(2) requires a party responding to a request for production to identify the electronically stored information that it will not be producing and to demonstrate that the information is not reasonably accessible because of undue burden or cost.[2] At the February 23, 2007 conference before this Court, Judge Colleen McMahon specifically ruled that this motion is to be decided under the recently amended Federal Rules of Civil Procedure as they pertain to electronic

---

[1] Defendants also failed to inform the Court that they had not restored their backup tapes when the issue regarding the communications produced by Mr. Birnbaum was raised during the January 11, 2007 pre-trial conference before this Court.

[2] In fact, the Advisory Committee Notes to the 2006 Amendment of Fed. R. Civ. P. 26(b)(2), state that "[t]he responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources."

2

discovery. At the very least, it was highly disingenuous, highly misleading and prejudicial to Plaintiff for Defendants to have failed to inform Plaintiff, at the start of discovery when Defendants first objected to Plaintiff's requests for production of documents, that Defendants had no intention of restoring backup tapes.

Moreover, under the circumstances of this case, Defendants cannot demonstrate that they will suffer an undue burden or expense from restoring their backup tapes. Veeco is not a large company, and this litigation focuses principally on one division of the Company and the Company's executives. It is probable that, company-wide, Veeco does not employ a large number of email servers and may only have one dedicated for each of the corporate headquarters and the TurboDisc division. Furthermore, Plaintiff only seeks to restore the email communications concerning the Individual Defendants as well as Gary Reifert, Scott Glassman, Larry Karp and Frances Scally, whose files all contain highly relevant information regarding Plaintiff's claims. This class action also has a relatively short class period of less than one year which limits the number of backup disks that would need to be restored and searched.

Furthermore, even if Defendants could demonstrate that they face an undue burden from Plaintiff's discovery requests, under the recently amended Fed. R. Civ. P. 26(b)(2) the Court is still permitted to, and should, compel Defendants to conduct this discovery, and, under the circumstances of this case, cost-sharing between the parties for this discovery would not be appropriate. The presumption under the Federal Rules of Civil Procedure is that the responding party, the Defendants in this instance, pays the costs associated with responding to documents requests and that "close-calls" in any cost-shifting analysis "should be resolved in favor of the presumption." *Zubulake,* 217 F.R.D. at 320. Here, for several months during the relevant time

3

period for which Plaintiff requested that Defendants produce documents, Defendants anticipated litigation, and, therefore, should have preserved documents in an accessible format and should not have stored these documents on backup tapes. *See Quinby v. WestLB AG*, 2006 WL 2597900, at *9 (S.D.N.Y. Sept. 5, 2006)("if a party creates its own burden or expense by converting into an inaccessible format data that it should have reasonably foreseen would be discoverable material at a time when it should have anticipated litigation, then it should not be entitled to shift the costs of restoring and searching the data"). Defendants certainly anticipated litigation on February 15, 2005 when the first class action suit was filed against Veeco. Indeed, Defendants have admitted, through an affidavit filed with the Court by Defendant John F. Rein, Jr., that they anticipated litigation by mid-January of 2005.

Fed. R. Civ. P. 26(b)(2), as amended, permits a court to specify conditions for the production of electronically stored information, however, none of the factors identified in the Advisory Committee Notes to the 2006 Amendment of that rule weigh in favor of cost-sharing. *See Xpedior Credit Trust v. Credit Suisse First Boston (USA), Inc.*, 309 F. Supp.2d 459, 467 (S.D.N.Y. 2003)(analyzing the cost-shifting factors defined in *Zubulake,* 217 F.R.D. at 324, the court found that cost-shifting was not appropriate where all of the factors weighed against cost-shifting or were neutral).[3] For example, Plaintiff's discovery requests are specific and have been limited to a few key individuals, including the Individual Defendants. In addition, given that Plaintiff is already aware, through Mr. Birnbaum's production, of highly relevant emails that were not produced by Defendants, there is no question that information sought from the backup

---

[3]The cost-shifting factors defined in *Zubulake* are similar to those identified in the Advisory Committee Notes to the 2006 Amendment of Fed. R. Civ. P. 26(b)(2).

tapes is not otherwise available and that there is a high likelihood of finding other relevant material. Similarly, Defendants have admitted that the emails produced by Mr. Birnbaum were not captured by the process that Defendants employed to collect documents in order to respond to Plaintiff's document requests. Because Defendants' document collection process did not include the restoration of backup tapes it is clear that relevant information existed which is no longer available from more easily accessed sources and that this information may only be accessed by restoring the backup tapes. Since Plaintiff's present motion is limited to the files of the Individual Defendants and other key Veeco personnel, it is more than reasonably certain that the further documents sought will yield relevant, important and useful information, and, therefore, Plaintiff will be prejudiced if denied access to these documents. The relative resources of the parties also weighs against cost-shifting because Veeco is a public company, covered by insurance policies that cover the Defense costs in this litigation. Finally, cost-sharing is not appropriate under these circumstances because there are important issues at stake in this litigation, including the legal obligations of corporate executives under the Sarbanes-Oxley Act of 2002.

Accordingly, for the reasons discussed above, Plaintiff respectfully moves this Court to enter an order compelling Defendants to restore their backup tapes and produce to Plaintiff all documents responsive to Plaintiff's requests for production of documents, as described above.

Dated: February 28, 2007                             **BERGER & MONTAGUE, P.C.**

By: *[signature]*

Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

***Lead Counsel for Lead Plaintiff and the Class***

413810