UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.                :   Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                        :
------------------------------------------------------- x
------------------------------------------------------- x
THIS DOCUMENT RELATES TO                     :
ALL ACTIONS                                  :
------------------------------------------------------- x


**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR ENTRY OF AN ORDER APPROVING NOTICE OF PENDENCY
OF CLASS ACTION AND NOTICE PROCEDURES**


**BERGER & MONTAGE, P.C.**
Sherrie R. Savett, Esq.
Carole A. Broderick
Phyllis M. Parker, Esq.
Jeffrey L. Osterwise, Esq.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4674

*Lead Counsel for Lead Plaintiff
Steelworkers Pension Trust and the Class*

## **TABLE OF CONTENTS**

BACKGROUND ................................................................... 1

DISCUSSION .................................................................... 1

CONCLUSION ................................................................... 3

## BACKGROUND

By Order dated March 21, 2006 (as amended)(the "March 21 Order") this Court granted Lead Plaintiff's ("Plaintiff") motion for Class Certification. The Court's March 21 Order defined the Class as all persons who purchased the securities of Veeco Instruments, Inc. ("Veeco"), during the period from April 26, 2004 through February 10, 2005 inclusive (the "Class Period"), and were damaged as a result thereof; excluded from the Class are the Defendants, members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Defendant Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any excluded person (the "Class"). The Court's March 21 Order also designated Berger & Montague, P.C. as Lead Counsel for the Class.

Plaintiff has prepared a Notice of Pendency of Class Action ("Notice") and a Summary Notice of Pendency of Class Action (the "Summary Notice")(*see* Parker Decl. Ex. A and B, respectively) and Plaintiff now seeks the entry of an Order approving the Notice and Summary Notice pursuant to Federal Rule of Civil Procedure 23(c)(2) and approving and directing procedures for providing the Class with notice of pendency of class action.

## DISCUSSION

Under the circumstances of this action, mailing the Notice to all members of the Class who can be identified through reasonable efforts, as well as publishing the Summary Notice once in the national edition of *The Wall Street Journal*, constitutes best notice practicable. Further,

pursuant to the mandate of Rule 23(c)(2)(B), the Notice informs potential Class members (1) of the nature of the action, (2) of the definition of the Class certified, (3) of the Class claims, issues and defenses, (4) that they have the right to exclude themselves from the Class if they so request by a specified date, (5) that the judgment, whether favorable or not will include them if they fail to request exclusion, and (6) that if they choose to remain a member of the Class, they have the right to enter an appearance through counsel. The Notice goes beyond the requirement of Rule 23, including a fuller description of the nature of the action and the procedural history of the case. *See* Fed. R. Civ. P. 23(c)(2)(B).

Plaintiff has plainly stated the elements that Rule 23(c)(2)(B) requires. In addition, Plaintiff has included a description of the litigation, enabling potential Class members to evaluate their options with respect to remaining a member of the Class or opting out. Accordingly, the Notice satisfies the mandate of Rule 23.

Pursuant to the Order, upon the Court's approval, Defendant Veeco Instruments, Inc. ("Veeco") shall, no later than seven (7) calendar days following the entry of the Order, authorize and direct its transfer agent(s) and the Depository Trust Company to provide Lead Counsel's designee, the Notice Administrator Heffler, Radetich & Saitta LLP, electronic listings of all holders of record of Veeco securities during the period April 26, 2004 through February 28, 2005 (approximately three weeks after the end of the Class Period).

Plaintiff will arrange for the Notice to be mailed, via first class mail, to all potential Class members who can be identified through reasonable efforts no later than seventeen (17) calendar days following the entry of the Court's Order. Plaintiff will publish the Summary Notice once in the national edition of *The Wall Street Journal* no later than seven (7) days after the Notice is

mailed to the Class members. Plaintiff will set the deadline for potential Class members to request exclusion to be postmarked no later than July 6, 2006.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order approving the contents of the Notice and approving the notice procedures described herein.

May 14, 2007                                  BERGER & MONTAGE, P.C.

                                              _____
                                              Sherrie R. Savett, Esq.
                                              Carole A. Broderick
                                              Phyllis M. Parker, Esq.
                                              Jeffrey L. Osterwise, Esq.
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              Tel: (215) 875-3000
                                              Fax: (215) 875-4674

                                              *Lead Counsel for Lead Plaintiff Steelworkers*
                                              *Pension Trust and the Class*

415969_01.wpd

3