UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.        :     Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                :
---------------------------------------------------- x
---------------------------------------------------- x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
---------------------------------------------------- x

## MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF LIABILITY INSURANCE

Defendants' motion *in limine* to preclude evidence of liability insurance should be denied because this evidence is relevant to Plaintiffs' claims and is admissible for purposes that are not in conflict with Federal Rule of Evidence 411. Defendants incorrectly assume that the only reason for Plaintiffs to introduce evidence concerning Defendants' insurance coverage would be to inform the jury that the insurer would ultimately be responsible for any damages awarded to Plaintiff if Defendants are held liable. Plaintiffs have no intention to introduce such evidence for this purpose. However, evidence concerning Defendants' insurance coverage is relevant in this action for at least two other purposes.

First, Plaintiffs must prove that Defendants acted with scienter, and, therefore, Defendants' knowledge that they issued false statements to the public, and the time at which Defendants acquired that knowledge, are relevant to Plaintiffs' claims. Defendants' D&O insurance policies require Defendants to notify their insurance carriers of claims against the company. To the extent that Defendants notified their insurance carriers, during the Class Period, of the possibility of claims against them related to Defendants' false public statements, such notification would be evidence of

Defendants' scienter with respect to the false statements. Introducing evidence of Defendants' Class Period communications with their insurance carriers would necessarily include reference to Defendants' insurance coverage. Second, to the extent that Defendants seek to introduce evidence concerning their own financial condition, it may become necessary to inform the jury of the existence of Defendants' insurance coverage in order to cure any impression given to the jury that Defendants would suffer a financial hardship from a judgment against them.

## ARGUMENT

Federal Rule of Evidence 411 states that the "rule does not require the exclusion of evidence of insurance against liability when offered for another purpose" other than upon the issue whether the insured *acted* negligently or otherwise wrongfully. Fed. R. Evid. 411 provides a list of purposes for which evidence of insurance may be admitted, including as proof of agency, ownership of control, or bias or prejudice of a witness.

However, this list is not exhaustive. *See, Weiss v. La Suisse, Societe d'Assurances sur la Vie*, 293 F. Supp.2d 397, 413 (S.D.N.Y. 2003)(where the court stated that "Rule 411 is not a bar to the introduction of evidence regarding liability insurance in all cases" and recognized that courts have allowed evidence of insurance for purposes other than those identified in Rule 411); *see also Posttape Associates v. Eastman Kodak Co.*, 537 F.2d 751, 758 (3d Cir. 1976)(where the court found that evidence of insurance may be introduced to show a party's knowledge); *Hunziker v. Scheidemantle*, 543 F.2d 489, 495 n. 10 (3d Cir. 1976)(where the court reasoned the evidence of insurance "may be admissible if offered for other relevant purposes and if its exclusion would be more prejudicial" than its introduction).

2

## A. Defendants' Communications With Their Insurance Carriers May be Relevant to Defendants' Scienter

Plaintiffs have no intention of introducing evidence of Defendants' insurance to convince the jury that Defendants would be more likely to commit securities fraud because their insurance carrier would cover the damages. Instead, Plaintiffs intend to demonstrate Defendants' knowledge of their wrongdoing and, in doing so, the existence of Defendants' insurance may become apparent to the jury.

As noted above, the issues of Defendants' knowledge of the falsity of their public statements and the time at which Defendants were aware that their statements were false are relevant to Defendants' scienter. If Defendants' notified their insurance carriers, during the Class Period, of the possibility of a claim against them related to their false statements, such evidence would be probative of Defendants' scienter as it would show Defendants' subjective belief that they had already committed a wrongful act. *See DSC Communications Corp. v. Next Level Communications*, 929 F. Supp. 239, 244 (E.D. Tex. 1996)(where the court recognized that plaintiff was not trying to use evidence of insurance to support the inference that defendants obtained an insurance policy and then engaged in conduct which might be covered by the policy, rather evidence of insurance was relevant to defendants' subjective belief in the wrongfulness of their conduct).

## B. Plaintiffs Should be Permitted to Introduce Evidence of Defendants' Insurance to Rebut Defendants' Assertion of Financial Hardship

Should Defendants seek to introduce evidence that would tend to give the jury the impression that Defendants would suffer a financial hardship from a judgment against them, fairness dictates that Plaintiffs be permitted to rebut such assertions by introducing the fact of Defendants' D&O

3

insurance coverage. *See Weiss*, 293 F.Supp.2d at 413 (where the court noted that evidence of insurance may be permitted "where the insured opens the door to the issue by 'poor mouthing' or where the party's ability to pay damages has been put into issue); *see also Bernier v. Board of County Road Com'rs*, 581 F.Supp. 71, 78 (W.D. Mich. 1983).

### C.  Plaintiffs Would be Prejudiced by a Prohibition on Reference to Defendants' Insurance Coverage

As noted above, reference to Defendants' insurance coverage may be necessary to adduce evidence which is probative of Defendants' knowledge and, therefore, relevant to Plaintiffs' claims. *See* Fed. R. Evid. 401. Relevant evidence should only be excluded under Fed. R. Evid. 403 if "its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (emphasis added). Since it is unlikely that Defendants will be prejudiced by reference to their insurance coverage, it is Plaintiffs who will be prejudiced if relevant evidence of Defendants' knowledge is excluded.

The potential for prejudice to Defendants from reference to their insurance coverage is minimal, not substantial. Since Defendant Veeco Instruments, Inc. is a publicly traded company, the jury is likely to assume that Defendants have insurance coverage whether or not such coverage is referred to during trial. In addition, if reference is made during trial to Defendants' insurance coverage, the court can minimize any potential prejudice to Defendants by giving a proper limiting instruction to the jury. *See Weiss*, 293 F.Supp.2d at 414; *see also Zafiro v. United States*, 506 U.S.


534, 540-41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (stating that "juries are presumed to follow their instructions").

Furthermore, Plaintiffs may be compelled to introduce evidence of Defendants' insurance coverage in order to "cure" an assertion by Defendants that they will suffer a financial hardship from a judgment against them. Under such a scenario, Defendants would not be in a position to assert that they would be prejudiced by reference to their insurance coverage as they would be responsible for "opening the door" to the issue.

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court deny Defendants' motion *in limine* to preclude argument or evidence with respect to Defendants' insurance coverage.

Dated: June 13, 2007

BERGER & MONTAGUE, P.C.

By: *[signature]*

Sherrie R. Savett
Carole A. Broderick
Arthur Stock
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

***Lead Counsel for Lead Plaintiff and the Class***

416701